Filed 10/22/20  Charles T. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES T.,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>    Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Real Party in Interest. | F081610<br><br>(Super. Ct. Nos. 18CEJ300168-3, 18CEJ300168-4)<br><br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Leanne L. Le Mon, Commissioner.

Charles T., in pro. per., for Petitioner.

No appearance for Respondent.

Daniel C. Cederborg, County Counsel, and Lisa R. Flores, Deputy County Counsel, for Real Party in Interest.

---

[*]    Before Levy, Acting P.J., Smith, J. and Meehan, J.

-ooOoo-

Petitioner Charles T. (father), in propria persona, seeks an extraordinary writ from the juvenile court's orders issued in August 2020 at a contested 18-month review hearing (Welf. & Inst. Code, §366.22)[1] as to his now two-year-old daughter F.T. and a combined, contested six- and 12-month review hearing (§ 366.21, subds. (e) & (f)) as to his now 20-month-old daughter Z.T., terminating reunification services and setting a section 366.26 hearing scheduled for December 14, 2020. We conclude his petition fails to comport with the procedural requirements of California Rules of Court, rule 8.452[2] regarding extraordinary writ petitions and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

Dependency proceedings were initiated in June 2018 when the Fresno County Department of Social Services (department) took then six-month-old F.T. and her half-sisters, four-year-old Autumn and three-year-old Serenity, into protective custody because father and the children's mother, M.H. (mother), engaged in domestic violence. The parents were homeless and had a history of substance abuse. Autumn and Serenity's father was deceased.

The juvenile court exercised its dependency jurisdiction over the children in October 2018, removed them from parental custody and ordered reunification services for the parents. The children were placed in foster care.

The parents initially made progress in their services plan and retained custody of Z.T. when she was born in February 2019. At the six-month review hearing in April 2019, the juvenile court continued reunification services for them to the 12-month review hearing, which it set for September 30, 2019.

---

[1]    Statutory references are to the Welfare and Institutions Code.

[2]    Rule references are to the California Rules of Court.

2.

However, in June 2019, the parents engaged in domestic violence and tested positive for drugs.  The department took Z.T. into protective custody and placed her with her siblings in a new foster home.  The juvenile court adjudged her a dependent, ordered reunification services for the parents and set the six-month review hearing for March 2020.

On September 30, 2019, the juvenile court conducted a 12-month review hearing as to Autumn, Serenity and F.T.  Father appeared in custody, having been arrested earlier in the month on felony charges for receiving stolen property.  The court found there was a substantial probability the parents could reunify and continued reunification services to the 18-month review hearing then scheduled for December 2019.

Meanwhile, the department ascertained that father was in state prison serving a three-year sentence.[3]  It filed a modification petition under section 388, recommending the juvenile court terminate reunification services for Z.T.

The juvenile court continued the review hearings as well as the hearing on the department's section 388 petition over the ensuing nine months until August 24, 2020.  In its report for the hearing, the department recommended the court terminate reunification services and set a section 366.26 hearing.  Mother was resistant to services and her progress in resolving her mental health and substance abuse issues was at best minimal. Any willingness by father to participate in services was thwarted by his incarceration. Meanwhile, the children were placed together with foster parents who were willing to adopt them and the only relative interested in custody of all four was the maternal grandmother.  However, she had not completed the approval orientation or consistently visited the children.  The paternal grandparents from Texas were interested in custody of F.T. and Z.T. and began the Interstate Compact for the Placement of Children process in

---

**3**  Elsewhere in the record it states that father was sentenced in October 2019 to six years in prison and was eligible for parole in July 2023.

October 2019.  However, they reported in February 2020 they were not interested in going through the foster licensing process and were interested only in adoption and only after parental rights were terminated in Fresno.  The State of Texas informed the department it was not moving forward with the foster licensing process.

On August 24, 2020, county counsel withdrew the department's section 388 petition.  The court conducted a contested 18-month review hearing as to Autumn, Serenity and F.T. and a combined, contested six- and 12-month review hearing as to Z.T. Mother did not appear.  Her attorney objected to the department's recommendation to terminate reunification services but did not offer any evidence.

Father appeared in custody and testified he expected to be released in July 2022.  Before he was arrested in September 2019, he completed a parenting class and mental health and substance abuse assessments.  He was participating in weekly therapy for posttraumatic stress disorder and outpatient substance abuse treatment.  He was compliant with random drug testing and had "some positive tests" for marijuana and for alcohol "probably … once."  There were no services available to him in prison.  Father was also visiting the three older children unsupervised until Z.T. was removed in June 2019.  He had one visit with the children in October 2019 while he was in county jail.  He also had a visit with them sometime in February 2020 before the COVID-19 pandemic prevented in-person visitation.  He planned to place the children with his parents in Texas, but they did not pass the background check.  His alternative plan for placement was with his younger brother who also lives in Texas.  His brother contacted the social worker, but she had not responded to him.

Closing argument centered on the reasonableness of father's visitation.  Father's attorney argued the department's failure to arrange only two in-person visits at the county jail was unreasonable.  County counsel argued the department did its best to provide visitation given the restrictions imposed by the pandemic.  He acknowledged father was entitled to a make-up visit but did not believe that rendered services unreasonable.

The juvenile court found the department provided the parents reasonable reunification services and their progress was minimal. The court ordered services terminated and set a section 366.26 hearing as to all four children.

## DISCUSSION

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, absent a showing of error, this court will not disturb them. A parent seeking review of the juvenile court's orders from the setting hearing must, as father did here, file an extraordinary writ petition in the reviewing court. The purpose of writ proceedings is to allow the reviewing court to review the juvenile court's orders to identify any errors before the section 366.26 hearing occurs. Rule 8.452 requires the petitioner to identify the error(s) he believes the juvenile court made. It also requires the petitioner to support each error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).)

Father's writ petition provides basic identifying information and the remedies he seeks (i.e., continued reunification services, custody and a stay of the section 366.26 hearing). Attached is a filing in a family law matter concerning F.T. and Z.T. However, father does not assert the juvenile court's rulings issued at the hearing on August 24, 2020, were error. Consequently, we conclude his petition is facially inadequate for review and dismiss it.

## DISPOSITION

The petition for extraordinary writ is dismissed. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).

5.